HOFFMAN, Judge,
concurring:
I agree with Judge Beck that sufficient exigent circumstances existed to allow for the warrantless entry into the premises in question. I therefore concur in the decision to affirm the judgment of sentence. I wish to emphasize, *50 however, the very limited scope of this decision. The police officers unquestionably created the exigency by choosing to employ the blue dye to identify the person who sold them cocaine. Although we frown on such “police-created” exigencies as a general matter, I agree with Judge Beck and the court below that the tactic employed in this case was reasonable only because of the unique nature of a “gate house.”
I ordinarily would not reach the alternative argument concerning whether appellant had a reasonable expectation of privacy in the premises. Because both the majority and the dissent have addressed the issue, however, perhaps it is better that I offer some comment.
The lead opinion would hold that “appellant had no constitutionally-protected expectations of privacy in the premises searched and as such the police entry did not infringe on fourth amendment rights.” Majority opinion at 24. I cannot agree with this approach. I believe that in an “automatic standing” case such as this, a focus on the particular defendant’s expectation of privacy, rather than the lawfulness of the police conduct, is improper under our Supreme Court’s decision in Commonwealth v. Sell, 504 Pa. 46, 470 A.2d 457 (1983). Pursuant to Sell, there is no question that appellant, who was charged with possessing the drugs that were seized after the police entry, had “automatic standing” to challenge the constitutionality of that action under Article I, § 8 of the Pennsylvania Constitution. See 504 Pa. at 67-68, 470 A.2d at 469; see also Commonwealth v. Peterkin, 511 Pa. 299, 309-10, 513 A.2d 373, 378 (1986), cert. denied, 479 U.S. 1070, 107 S.Ct. 962, 93 L.Ed.2d 1010 (1987); Commonwealth v. Treftz, 465 Pa. 614, 351 A.2d 265 (1976), cert. denied, 426 U.S. 940, 96 S.Ct. 2658, 49 L.Ed.2d 392 (1976). In this regard, the state constitution is more protective of individual privacy rights than the fourth amendment of the United States Constitution. See United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d *51 619 (1980); see also Rawlings v. Kentucky, 448 U.S. 98,100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). The reason for this broader rule, the Sell Court emphasized, is that respect for the particular defendant’s “legitimate expectation of privacy” (the focus of Rakas) is not the only reason justifying inquiry in these cases: in light of the protection of Article I, § 8, there also is an abiding interest to ensure review of the “critical element” of whether the governmental intrusion was unreasonable. 504 Pa. at 60, 470 A.2d at 468-69. As I read Sell, by so emphasizing, the Court directs that a review shall be made of the reasonableness of a governmental intrusion even in cases where the particular defendant’s rights were not affected not by the intrusion itself. The Sell rule makes perfect sense in light of the Court’s expressed concern with, and focus on, not only the violation of the particular defendant’s right, but protecting against illegal governmental conduct. In effect, then, Sell allows for the vicarious assertion of privacy rights, at least so long as the defendant has a real stake in the outcome— i.e., whenever his or her alleged “possession” of the item(s) seized pursuant to the illegal police conduct forms the basis of the prosecution. See Commonwealth v. Peterkin, supra. This rule thus provides significantly greater protection for the privacy of individuals under our state constitution.
The approach followed in Commonwealth v. Cameron, 385 Pa.Super. 492, 561 A.2d 783 (1989), allocatur denied, 525 Pa. 576, 575 A.2d 108 (1990), and the lead opinion is inconsistent with the letter and spirit of Commonwealth v. Sell. To grant a defendant automatic standing without regard to whether the police conduct affected his rights, but then to refuse to evaluate the substantive question of the reasonableness of that governmental conduct on the ground that the defendant lacks a “reasonable expectation of privacy,” renders meaningless the careful distinction the Sell Court drew between Article I, § 8 and the fourth amend *52 ment. Indeed, if the reasonableness of a governmental intrusion can be evaluated only when the search or seizure implicated the particular defendant’s reasonable expectation of privacy, the Sell rule is identical in all practical respects to the federal approach. I find it hard to believe that Sell stands only for the proposition that, when the court inevitably denies the defendant’s motion to suppress, it is imperative to announce that there is “no reasonable expectation of privacy” rather than no standing. If the Sell Court intended this result, it would have been much easier simply to adopt Salvucci.
In my view, the remaining, and vital, importance of the “reasonable expectation of privacy” test after Sell is in evaluating the police conduct at issue and not the particular defendant’s expectations. Simply put, this evaluation is to determine whether a “search” or “seizure” occurred. Police conduct does not implicate the fourth amendment or Article I, § 8 (i.e., does not constitute a “search” or “seizure”) unless the area involved is one in which a person has a reasonable expectation of privacy. See, e.g., Commonwealth v. Oglialoro, 525 Pa. 250, 256, 579 A.2d 1288, 1290-91 (1990).[1] The point of Sell, however, is that, at least in certain instances, that person need not be the defendant. Thus, for example, if police illegally enter a private home, they have violated a reasonable expectation of privacy— whether the owner was there or not, whether evidence was *53 seized or not, indeed, whether the owner was aware or not. And that illegal conduct, under Sell, will disentitle the Commonwealth to the use of evidence illegally seized, as against any defendant who is facing charges premised on his or her “possession” of that evidence. Conversely, a police officer can seize contraband that is left in plain view, or is abandoned, because no person can have retained a reasonable expectation of privacy in it. It is not the identity of the defendant that legitimizes the seizure; it is the fact that the police action does not violate a reasonable expectation of privacy.
Thus, my focus would not be simply on whether this defendant possessed a reasonable expectation of privacy in the premises, but on whether the police intrusion here implicated a reasonable expectation of privacy, which appellant, because of the possessory offense, can vicariously assert. On this question, I agree with Judge Popovich that we must look not to what police ultimately found with regard to appellant’s interest in the property, but to what was known at the time of entry. And, like Judge Popovich, I am satisfied that a reasonable expectation of privacy exists in a structure such as the one involved here.[2]

. Contrary to the suggestion in the lead opinion, I do not read Oglialoro as either expressly or impliedly overruling Commonwealth v. Sell and adopting the federal constitutional approach to automatic standing. Indeed, the concerns implicated in Sell were not at all present in this case: the defendant in Oglialoro was the owner of the property in question, and thus he did not need the automatic standing rule in order to contest the search. The Oglialoro Court focused on whether the police conduct implicated that owner’s legitimate "reasonable expectation of privacy.” I read Oglialoro as being perfectly consistent with Sell If the Court had determined that the police action violated a reasonable expectation of privacy, and was unláwful, then, under Sell, any person charged with a possessory offense as a result of the search should be entitled to suppression of the fruits of the search.

. Although the premises here were used as a front for a drug operation, I share Judge Popovich’s concern that the more likely use of an apparently "abandoned" storefront would be as a shelter to the homeless. See Dissenting Opinion by POPOVICH, J., at n. 12. I agree with Judge Popovich’s suggestion that a reasonable expectation of privacy should attach in such a case. Cf. State v. Mooney, 218 Conn. 85, 588 A.2d 145 (1991).